## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN NAVIGATION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 11-10304-FDS |
| v. | ) ) | |
| WILLIAM R. MICHALSON, and GENE V. ROE, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS

Plaintiff American Navigation Systems, Inc., seeks a declaratory judgment regarding the inventorship of two patents it owns and ownership of its stock.  The two defendants, William R. Michalson and Gene V. Roe, are named inventors on the patents and former shareholders of American Navigation.  Defendants disclaim any interest in both the inventorship of the patents and ownership of American Navigation.  Defendants have moved to dismiss the case, or in the alternative, for summary judgment.  For the following reasons, the motion to dismiss will be granted.

## I.      Factual Background

In 1997, Frank D. DeFalco, Douglas J. Backman, and defendants Michalson and Roe collaborated to develop GPS mapping technology.  American Navigation Systems, Inc., was incorporated in 1997 for the design, development, and commercialization of the technology that they invented.  (Complaint at 10).  Stock in American Navigation was issued to DeFalco,

Backman, Michalson, and Roe. (*Id.* at 11). They jointly filed multiple applications for patents on their inventions, beginning in March 1997. (*Id.* at 12). DeFalco, Backman, Michalson, and Roe assigned all rights, title, and interest in their inventions to American Navigation. (*Id.* at 13).

On May 11, 1999, United States Patent No. 5,902,347 ('347 patent) was issued for a "Hand-Held GPS-Mapping Device." The patent named Backman, Roe, DeFalco, and Michalson as the inventors. On November 16, 1999, United States Patent No. 5,987,380 ('380 patent) was issued for another invention also titled "Hand-Held GPS-Mapping Device." Again, all four men were named as inventors.

On March 4, 1998, Roe, Michalson, and DeFalco surrendered their stock in American Navigation, making Backman the sole stockholder. (*Id.* at 16). American Navigation contends that in 2004, a dispute arose between it and Roe and Michalson regarding the ownership of the company and the identity of the inventors for the '347 and '380 patents. (*Id.* at 17, 18).

## II.    Procedural Background

American Navigation filed the present suit for declaratory judgment on February 22, 2011. On May 20, 2011, defendants moved to dismiss the case. Plaintiff filed an opposition to the motion to dismiss together with an affidavit and exhibits. Defendants submitted a reply to plaintiff's opposition, asking the court to disregard plaintiff's attached affidavit and exhibits or, alternatively, to convert the motion to dismiss to a motion for summary judgment and consider an affidavit from defendant Michalson and the exhibits attached to the affidavit.

Because it is unnecessary to consider the affidavits and exhibits submitted by the parties, the Court will treat this as a motion to dismiss.

III.     **Standard of Review**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth

of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences

therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing

*Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the plaintiff

must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level, . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at

556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to

show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st

Cir. 2008) (quotations and original alterations omitted).

IV.     **Analysis**

A.      **Inventorship of the '347 and '380 Patents**

Plaintiff seeks a declaration that the '347 and '380 patents correctly identify the

inventors, or, alternatively, a correction of inventorship under 35 U.S.C. § 256.  In order to

establish an actual controversy under the statute, a plaintiff must aver "(1) that it holds a

recognized interest in a patent that could be adversely affected by an action brought under § 256,

and (2) another party with a right to bring an action under § 256 has created in the declaratory

plaintiff a reasonable apprehension that it will do so." *Fina Oil and Chemical Co. v. Ewen*, 123

F.3d 1466, 1471 (Fed. Cir. 1997).

Defendants contend that they do not possess standing to bring a claim of inventorship against plaintiff and therefore plaintiff is not under a reasonable apprehension of a suit.  A party who lacks an ownership interest and who will not receive any other direct financial rewards from being declared the inventor does not having standing to sue under § 256.  *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (finding that an inventor who had assigned away all rights in the patents lacked standing to sue).  As defendants here have assigned away rights in the patents, they do not have a financial interest in the patents and therefore lack standing.

The Federal Circuit has left open the question of whether reputational interest alone is sufficient to confer standing in a § 256 action.  *See id.* at 1327-28 (citing *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001)).  In *Chou*, the court noted that "being considered an inventor of important subject matter is a mark of success in one's field, comparable to being an author of an important scientific paper.  Pecuniary consequences may well flow from being designated as an inventor."  254 F.3d at 1359.  The Court need not decide whether such an interest would be sufficient in all circumstances.  In the normal case alleging reputational harm, the patent does not list the inventor, and the inventor brings an action seeking to correct the mistake.  Here, however, the inventors are the defendants, not the plaintiffs.  Defendants are already listed on the patents in question and already receive whatever reputational benefits might exist from being named as inventors.  For plaintiff to seek a declaratory judgment against defendants here is akin to a homeowner seeking a declaratory judgment against her neighbor that she owns her home when the neighbor has never suggested otherwise.

Plaintiff has not shown a reasonable apprehension of a § 256 claim from defendants, as defendants lack standing to bring a claim.  The motion to dismiss the claim as to inventorship of the patents will be granted.

**B.**      **Ownership of American Navigation Stock**

One of the purposes of the declaratory judgment statute, 28 U.S.C. 2201(a), is to "allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires."  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 397 (5th Cir. 2003).  According to the complaint, "[s]ometime around 2004, a controversy arose between American Navigation and defendants Roe and Michalson concerning ownership of the company."  The nature of the controversy is not identified.  The reasonable inference, however, is that either (1) Roe and Michalson asserted rights to ownership, or (2) Roe and Michalson asserted that they had not been fairly compensated for their ownership rights.

Under either scenario, under any tort or contract theory, the limitations period has expired.  Under Massachusetts law, the limitations period for a breach of contract action is six years.  Mass. Gen. Laws ch. 260 § 2.  The limitations period for a contract action accrues at the time of the breach of contract.  *See Saenger Org. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 64 (1st Cir. 1997).  The limitations period for a tort action is three years.  Mass. Gen. Laws ch. 260 § 2A.  The limitations period for a tort action accrues when the plaintiffs know or had sufficient notice that they had suffered harm and knew or had sufficient notice of the cause of the harm.  *See Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 208 (1990).

Plaintiff has not made any argument to suggest that the limitations period might somehow be tolled.  This case was filed in February 2011, more than six years after the issue

was first raised in 2004.

Plaintiff contends in its opposition that defendants made a demand for ownership in September 2010.  The issue, however, is not when defendants may have made their most recent demand; the issue is when any such claim accrued.  Here, such a claim necessarily had accrued by 2004.  The limitations period for asserting such a claim has therefore expired.  Once the limitations period has run, plaintiff has no reasonable apprehension of a suit from defendants, and any declaratory judgment would be futile.  The motion to dismiss the complaint will therefore be granted to the extent that it purports to assert a claim concerning the ownership of American Navigation stock.

## V.      **Conclusion**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 4, 2011